UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 5:21-cr-00007-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ISRAEL QUINTERO MUNOZ, | ) | |
| | ) | |
| Defendant, | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation [R. 59] filed by United States Magistrate Judge Stinnett, addressing Defendant Israel Quintero Munoz's Motion to Suppress [R. 37], and the United States' Motions *in limine* [R.'s 50, 51]. For the reasons that follow, Judge Stinnett's Report and Recommendation will be **ADOPTED** as and for the opinion of the Court.

I

On January 28, 2021, the United States indicted Defendant Munoz on two counts: the conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. § 846; and, aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [R. 14.] Munoz was arraigned on February 1, 2021 and entered a plea of not guilty to both counts. [R. 37. at 2.] Subsequently, Munoz filed the present Motion to Suppress on March 31, 2021, claiming that the search and seizure resulting in the location of the evidence cited in the Indictment was in violation of core protections afforded by the Fourth Amendment. [*Id*. at 6.] United States Magistrate Judge Stinnett conducted an evidentiary hearing on Munoz's

Motion on June 8, 2021, at which the parties had a full opportunity to present evidence related to the motion. [R. 61.] Following the hearing, Judge Stinnett filed a Report and Recommendation in which he denied Defendant's motion. [R. 59.] The Defendant has failed to file an objection within fourteen days of receiving Judge Stinnett's recommendation.

## II

In his recommendation, Judge Stinnett first addressed the possible extension of the stop and then turned to the necessity and voluntariness of Defendant's consent. [*Id*. at 3–7.] In addition to Munoz's Motion *in limine*, Judge Stinnett recommended that the Court grant the United States' unopposed Motions *in limine*. [*Id*. at 8; *see* R.'s 50, 51.]

### A

In his Motion, Munoz concedes that there was probable cause to initiate the traffic stop. [R. 37 at 6.] Instead, Munoz argues that "the traffic stop . . . was unlawfully prolonged" to conduct a dog sniff "without any independent reasonable suspicion of criminal activity that would have justified continued detention of the Defendants beyond the initial traffic stop." [*Id*. at 8.] Contrary to Munoz's argument, dog sniffs do not typically require separate reasonable suspicion because it is not a search under the Fourth Amendment. *United States v. Stepp*, 680 F.3d 651, 663 (6th Cir. 2012) (citing *Illinois v. Caballes*, 543 U.S. 405, 409 (2005)). A dog sniff may render an otherwise proper seizure unlawful "only if it unreasonably prolongs the initial stop." *Illinois*, 543 U.S. at 407-08; *United States v. Bell*, 555 F.3D 535, 541 (6th Cir. 2009). Judge Stinnett held that "[t]he stop was extended to conduct a sobriety test– not to conduct a dog sniff." [R. 59 at 5.] The dog sniff was simply a "matter of opportunity and convenience" that amounted to a quick and minimally intrusive investigation to confirm or deny the reasonable

2

suspicions of the Troopers. [*Id*.] The Court agrees with this analysis and finds the use of a dog sniff to be justified by the record.

**B**

Defendant Munoz argues that his consent to search the vehicle was not knowing and voluntary. [*Id*. at 6.] Although English is not Munoz's first language, the recording of the traffic stop conveys that Munoz understood and communicated with the Troopers both before and after he consented to the search. [*Id*. at 7.] Judge Stinnett held that "consent was not required after the dog alerted to narcotics in the backseat, but to the extent consent is contested as invalid because of a language barrier, the Court finds that the recording of the traffic stop refutes this claim." [*Id*.] The Court agrees with this analysis as to the issue of consent to search.

**C**

The United States has filed two separate motions *in limine* regarding Trooper Gabriel's professional suspension in June 2020 and an excessive force complaint in December 2019. [R.'s 50 and 51.] Both incidents are unrelated to the traffic stop in question. Furthermore, the Defendant has raised no objections to the motions and has expressed that he did not intend to raise these issues at the hearing. [*Id*.] Accordingly, the Court adopts the recommendation and hereby grants the unopposed Motions *in limine*.

**D**

As noted in the Recommended Disposition and pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the parties were notified to file any objections to the Magistrate Judge's recommendation within fourteen (14) days of service. [R. 59.] As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review ... a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Judge Stinnett's Report and Recommendation.

### III

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Stinnett's Report and Recommendation [**R. 59**] is **ADOPTED** as and for the opinion of the Court;

2. Defendant Israel Munoz's Motion to Suppress [**R. 37**] is **DENIED**; and

3. The United States' Motions *in limine* [**R.'s 50, 51**] are **GRANTED**.

This the 14th day of July, 2021

Gregory F. Van Tatenhove
United States District Judge